## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Arthur Yuri De Almeida Silva Berto** )<br><br>    **Petitioner** )<br>)<br>)<br>**v.** )<br>)<br>**PATRICIA HYDE, Boston Field Office Director,** )<br>**U.S. Immigration and Customs Enforcement** )<br>**and Removal Operations ("ICE/ERO");** )<br>**TODD LYONS, Acting Director of** )<br>**U.S. Immigration Customs Enforcement ("ICE");** )<br>**KRISTI NOEM, Secretary of the Department of** )<br>**Homeland Security ("DHS"); U.S.** )<br>**DEPARTMENT OF HOMELAND** )<br>**SECURITY; and PAMELA BONDI, Attorney** )<br>**General of the United States** )<br>)<br>    **Respondents** ) | **Case No.: 1:25-cv-12963**<br><br><br>**<u>EMERGENCY PETITION</u>**<br>**<u>FOR WRIT OF HABEAS</u>**<br>**<u>CORPUS</u>** |

### I.     INTRODUCTION

1.  Petitioner, Arthur Yuri De Almeida Silva Berto, is a thirteen year old citizen of Brazil who entered the United States without inspection on or about September 24, 2021. On September 30, 2021, he was issued a Notice to Appear, I-200 Warrant, and released on an I-286 Order of Release on Recognizance

2.  On or about October 9, 2025, ICE arrested the Petitioner in Everett, Massachusetts.

3.  Upon information and belief, ICE now asserts authority to detain Petitioner under 8 U.S.C. § 1225(b), on the theory that his initial entry without inspection renders him an "applicant for admission" subject to mandatory detention. However, Section 1225(b) governs inspection and expedited-removal procedures at or near the border, not the arrest of individuals who have long resided within the United States.

4. Detaining the Petitioner under § 1225(b) therefore exceeds DHS's statutory authority and violates the Fifth Amendment's guarantee of due process. His arrest and confinement by DHS nearly four years after entry bears no connection to the narrow purposes of § 1225(b)'s expedited-removal framework. The Petitioner respectfully seeks an order directing Respondents to provide him with a prompt, individualized custody hearing before a neutral decisionmaker pursuant to 8 U.S.C. § 1226(a), consistent with this Court's habeas jurisdiction under 28 U.S.C. § 2241.

## II.    JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

6. Venue is proper in this district because Petitioner resides in Massachusetts, is detained in Massachusetts, and on information and belief is in the custody of Respondents in Middlesex County in this district.

## III.    PARTIES

7. Petitioner is a citizen of Brazil currently detained at ICE Boston Field Office in Burlington, MA, under the custody of U.S. Immigration and Customs Enforcement.

8. Respondent Patricia Hyde is the Boston Field Office Director for U.S. Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"). The Boston Field Office is responsible for custody determinations and enforcement actions in Massachusetts, including the detention of Petitioner. Respondent Hyde is the immediate custodian of Petitioner.

9. Respondent Todd Lyons is the Acting Director of the U.S. Immigration and Customs Enforcement. He exercises authority over the operations of ICE nationwide, including the

actions of ICE/ERO's Boston Field Office. Respondent Lyons is a legal custodian of Petitioner.

10. Respondent Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"), the federal agency charged with enforcing the immigration laws of the United States. DHS oversees ICE and is ultimately responsible for the detention of Petitioner. Respondent Noem is a legal custodian of Petitioner.

11. Respondent U.S. Department of Homeland Security is the federal agency responsible for implementing and enforcing the immigration laws of the United States, including the detention and removal of noncitizens.

12. Respondent Pamela Bondi is the Attorney General of the United States and the head of the U.S. Department of Justice. The Attorney General has ultimate supervisory authority over the immigration courts and the Board of Immigration Appeals and is charged with ensuring compliance with federal law in immigration detention and removal matters.

## IV.    FACTUAL BACKGROUND

13. Petitioner is a thirteen-year-old child, a citizen and national of Brazil. He entered the United States with his family on or about September 24, 2021, without being admitted or paroled after inspection by an immigration officer.

14. On September 30, 2021, the Department of Homeland Security ("DHS") issued a Warrant for Arrest of Alien (Form I-200) and a Notice to Appear (Form I-862) charging him as removable under INA § 212(a)(6)(A)(i) for presence in the United States without admission or parole.

15. The Notice to Appear was docketed with the Boston Immigration Court on October 28, 2021.

16. On September 6, 2023, Arthur, through counsel, filed his application for relief from removal, which remains pending before the Boston Immigration Court. His final individual merits hearing is scheduled for May 1, 2026.

17. On or about October 9, 2025, the Petitioner was again arrested by ICE officers in Massachusetts and is now detained under color of immigration authority. There is no indication that DHS has issued a new removal order or lawfully reinstated any prior order authorizing his current detention.

18. Arthur has continuously resided with his family in Massachusetts, has complied with all court requirements, and has a full removal proceeding pending before the Immigration Court.

## V.    REQUIREMENTS OF 28 U.S.C. §§ 2241, 2243

19. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the Respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an OSC is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*.

20. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963).

21. Petitioner is "in custody" for the purpose of § 2241 because Petitioner is arrested and detained by Respondents.

## VI.    CLAIMS FOR RELIEF

### Count I – Violation of the Fifth Amendment Right to Due Process
### (Procedural Due Process)

22. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

23. Respondents' detention of Petitioner without an individualized custody determination violates the Due Process Clause of the Fifth Amendment. The Supreme Court has long made clear that the protections of the Due Process Clause extend to all persons within the United States, including noncitizens and children present without lawful status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

24. Petitioner was arrested by ICE in Massachusetts on or about October 9, 2025, despite having resided in the United States since 2021 and maintaining an active case before the Boston Immigration Court, where his final merits hearing is scheduled for May 1, 2026.

25. Respondents now purport to treat Petitioner as an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b), even though he has long been living in the interior and is already in proceedings under § 240 of the INA.

26. By effectively reclassifying Petitioner as an "applicant for admission" under § 1225(b), Respondents have denied him the statutory protections that attach once custody is governed by 8 U.S.C. § 1226(a), including the right to an individualized custody hearing. This treatment unlawfully eliminates access to the procedural safeguards Congress provided for persons facing removal, such as the opportunity for a bond determination, the right to counsel, and the right to administrative and judicial review.

27. The First Circuit has held that due process requires an individualized custody determination for noncitizens detained under § 1226(a). *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256–57 (1st Cir. 2021). Respondents' reliance on § 1225(b) to deny Petitioner such a hearing is contrary to the statute, the Constitution, and controlling precedent.

28. Accordingly, Petitioner's detention violates his right to due process under the Fifth Amendment, and he is entitled to immediate release or, at minimum, an individualized custody hearing.

### Count II – Detention Not Authorized by Statute
### (INA §§ 235(b))

29. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

30. Petitioner's detention under 8 U.S.C. § 1225(b) is unlawful because that provision does not apply to his circumstances. Section 1225(b) governs individuals who are encountered at or near the border at the time of entry or who present themselves for inspection as applicants for admission. Petitioner, however, entered the United States without inspection in or about 2021 and was never apprehended or processed under that section.

31. After several years of residence in the interior of the country, Petitioner cannot properly be treated as an "arriving alien" or an "applicant for admission" within the meaning of § 1225(b). ICE's reliance on that statute to justify detention years after entry is contrary to the structure and purpose of the Immigration and Nationality Act (INA).

32. If DHS seeks to detain Petitioner pending removal proceedings, its authority arises under 8 U.S.C. § 1226(a), which allows for discretionary custody and requires an individualized determination before a neutral decisionmaker. Section 1225(b) provides no authority for

DHS to bypass that process for an individual long present in the United States and already in removal proceedings under INA § 240.

33. Respondents may point to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which broadly declared that all individuals who entered without inspection are "applicants for admission" subject to mandatory detention under § 1225(b)(2)(A). But *Hurtado* does not control here. Petitioner was not apprehended at or near the border, has not been placed in expedited-removal or inspection proceedings, and, most importantly, was already processed under § 236(a) when his Notice to Appear was docketed with the Boston Immigration Court. Reclassifying him now as an "arriving alien" would unlawfully expand § 1225(b) detention authority beyond what Congress provided.

34. Because Petitioner's detention does not fall within the limited scope of § 1225(b), it is not authorized by statute and violates the INA. Petitioner therefore respectfully requests that this Court order Respondents to provide him a prompt bond hearing under § 1226(a).

### Count III – Violation of the Administrative Procedure Act
### (Unlawful Agency Action, 5 U.S.C. § 706(2))

35. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

36. Respondents' decision to detain Petitioner under 8 U.S.C. § 1225(b) constitutes agency action that is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law within the meaning of 5 U.S.C. § 706(2)(A).

37. The Administrative Procedure Act ("APA") requires federal agencies to act within the bounds of their statutory authority and to apply that authority reasonably and lawfully.

38. Here, the Department of Homeland Security ("DHS") has acted contrary to the Immigration and Nationality Act ("INA") by re-detaining Petitioner under § 1225(b)

despite the fact that he was already processed under § 240 proceedings following his initial apprehension and service of a Form I-200 (Warrant for Arrest), Form I-286 (Custody Determination), and Form I-862 (Notice to Appear) in September 2021.

39. Once DHS elected to process the Petitioner under § 1226 and initiate full removal proceedings by filing the NTA with the Immigration Court on October 28, 2021, its detention authority shifted to § 1226(a). By now invoking § 1225(b) to justify renewed detention in 2025, after years of residence and active participation in proceedings, DHS has acted beyond the scope of its statutory authority and in a manner inconsistent with the INA's text, structure, and established agency practice.

40. Because this agency action lacks a rational basis, conflicts with the governing statute, and unlawfully expands DHS's detention authority, it must be set aside under 5 U.S.C. § 706(2).

41. Petitioner therefore respectfully requests that this Court declare his detention unlawful under the Administrative Procedure Act and order his immediate release or, at minimum, a prompt individualized custody hearing under 8 U.S.C. § 1226(a).

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner respectfully requests this Honorable Court grant the following:

1. Assume jurisdiction over this matter;

2. Order that Petitioner shall not be transferred outside the District of Massachusetts;

3. Issue an Order to Show Cause ordering Respondent to show cause as to why this Petition should not be granted within three days;

4. Declare that the Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

5. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;

6. In the alternative, should the Court decline to order immediate release, direct Respondents to provide Petitioner with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker at which the government bears the burden of proof to justify continued detention; and

7. Grant any such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Gabriela J. Cerretani*                                      Dated: October 10, 2025

Gabriela J. Cerretani, Esq.
BBO: 706130
Georges Cote Law LLP
235 Marginal St
Chelsea, MA 02150
617-884-1000
gcerretani@georgescotelaw.com
*Counsel for Petitioner*